**MCGUIREWOODS LLP**
Adam F. Summerfield (SBN 259842)
asummerfield@mcguirewoods.com
Wells Fargo Center
South Tower
355 S. Grand Ave, Suite 4200
Los Angeles, California 90071
Telephone: 213.627.2268
Facsimile: 213.627.2579
Attorneys for Defendant Bank of America, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA–WESTERN DIVISION

| | |
|---|---|
| GWENDOLYN MANDOSIA, | CASE NO. 2:17-cv-08153 |
| Plaintiff, | |
| vs. | **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| BANK OF AMERICA, N.A., | |
| Defendant. | Date:        March 19, 2018 |
| | Time:        1:30 p.m. |
| | Courtroom:       7A |

## I.    INTRODUCTION

As argued in its Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), Plaintiff's sole claim for fraud against Defendant Bank of America, N.A. ("BANA") is time-barred. As detailed below, Plaintiff's Opposition to BANA's Motion to Dismiss cannot rescue the claim from the statute of limitations bar. As such, the Court should grant BANA's Motion to Dismiss without leave to amend.

## II.    PLAINTIFF'S OPPOSITION DOES NOT RESCUE HER CLAIM.

As detailed in the Motion to Dismiss, Plaintiff's claim had accrued no later than September 20, 2014, when her property was sold at a trustee's sale. Mtn. at 5:21-25. Plaintiff's argument that the statute of limitations did not run until she

1   discovered the purported fraudulent scheme, rather than when each element of her

2   claim took place (Opp. at 3:21-4:13) is misplaced.  Rather, claim accrues when the

3   plaintiff has a suspicion related to the elements of "wrongdoing, causation, and

4   harm." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005).  "[T]he

5   statute of limitations begins to run when the plaintiff suspects or should suspect that

6   her injury was caused by wrongdoing, that someone has done something wrong to

7   her." *Bernson v. Browning-Ferris Indus. of Calif., Inc.*, 7 Cal. 4th 926, 932 (1994).

8   In this analysis, the word "'wrong' being used, not in any technical sense, but rather

9   in accordance with its lay understanding." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383,

10   397-398 (1999); *see William L. Lyon & Assocs., Inc. v. Superior Court*, 204 Cal.

11   App. 4th 1294, 1313 (2012).

12      A plaintiff doesn't have to know how the alleged wrongdoer harmed her in

13   order for the cause of action to have accrued.  "Aggrieved parties generally need not

14   know the exact manner in which their injuries were effected, nor the identities of all

15   parties who may have played a role therein." *Bernson v. Browning-Ferris Indus. of

16   Calif., Inc., supra,* 7 Cal. 4th at 932.

17      Further, California law recognizes "a general, rebuttable presumption that

18   plaintiffs have knowledge of the wrongful cause of an injury."  It is therefore the

19   plaintiff's burden to allege and establish facts showing the time and manner of

20   discovery of defendant's wrongdoing and inability to discover it earlier.  *Grisham v.

21   Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 638 (2007).

22      Here, the basis for Plaintiff's fraud claim is that she says she was promised

23   one thing but then BANA didn't do it – which she knew going back to December of

24   2010, and certainly no later than September 30, 2014, when her property was sold

25   and she suffered the purported harm.  Mtn. at 4:10-19.  Thus, the FAC clearly

26   alleges that Plaintiff's cause of action was complete with all its elements no later

27   than September 30, 2014.

28

1    Nor can Plaintiff rely on the discredited declarations by former Bank of

2  America employees.  First, they don't bear on Plaintiff's claim in this case.  Here,

3  Plaintiff claims she was promised a modification but then ultimately had her

4  property sold.  The declarations submitted with the FAC do not shed any light on the

5  elements of "wrongdoing, causation, and harm" relevant to Plaintiff's factual

6  circumstances not already known to Plaintiff many years ago.  *See Fox, supra,* 35

7  Cal. 4th at 807.[1]

8    Finally, Plaintiff cannot rescue her claim by asserting that it has been tolled

9  due to a pending class action in Colorado District Court.  Opp. at 8:17-9:4.  Plaintiff

10  cites *America Pipe and Construction v. Utah*, 414 U.S. 538 (1974) for the

11  proposition that the commencement of a class action suspends the applicable statute

12  of limitations "as to all asserted members of the class who would have been parties."

13  Opp., at 8:20-25.  The case Plaintiff asserts should toll the instant action, *George v.*

14  *Urban Settlement Servs.,* et al. 1:13-cv-01819 ("*George*") was initiated on July 10,

15  2013.  However, the various class members in *George* only assert claims for: (i)

16  violation of Racketeer Influenced and Corrupt Organizations Act, 18 U.S. C. §

17  1962(c) ("RICO") (*see* Req. for Judicial Notice ("RJN"), ¶ 1, Ex. A at ¶¶ 247-74);

18  and (ii) promissory estoppel (*id.* at Ex. A, ¶¶ 275-82).  Furthermore, the class of

19  plaintiffs asserting the claim for promissory estoppel are from the states of Alabama,

20  Arizona, Arkansas, Colorado, Idaho, Kansas, Kentucky, Louisiana, Maine,

21  Nebraska, Nevada, New Hampshire, New Mexico, Oregon, Pennsylvania, South

22  Dakota, Washington, and Wisconsin.  *Id.*, at Ex. A, ¶ 276.

23

24

25  [1] Additionally, all but one of the declarations were filed in June of 2013, and
became matters of public record long before Plaintiff's claim had even accrued.
26  Thus, the declarations, if anything, support the notion that Plaintiff had the means to
discover the purported fraud ***she*** suffered ***at*** the time of her injury in September of
27  2014.  *See, e.g.,* FAC, Exs. 3-6 (Filed June 7, 2013).

28

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

1    None of the classes of plaintiffs in *George* asserts a claim under California

2  state law, nor do any classes of plaintiffs assert a claim for fraud, as Plaintiff has

3  done here.  Accordingly, Plaintiff's claims *here* would not render her a party to

4  *George*, and since her claims do not fall under the scope of the *George* action, the

5  statute of limitations cannot be tolled.

6  **III.    CONCLUSION**

7    Plaintiff's claim is based upon discredited declarations from individuals

8  having no personal involvement with her loan.  Moreover, and critically, it is also

9  predicated upon events that occurred so long ago that it is barred by the statute of

10  limitations.   As Plaintiff's claim necessarily fails, and no amendment could cure the

11  defect, Defendant Bank of America, N.A. respectfully requests that the Court grant

12  its Motion to Dismiss, and dismiss Plaintiff's action with prejudice

13

14  DATED: March 5, 2018              Respectfully submitted,

15                                    MCGUIREWOODS LLP

16

17                                    By: */s/ Adam F. Summerfield*

18                                         Adam F. Summerfield
                                           Attorneys for Defendant
19                                         Bank of America, N.A.

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 5, 2018, I electronically filed the foregoing document entitled **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court for the United States District Court, Central District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.


By: /s/    *Adam F. Summerfield*